**Opinion issued May 6, 2025**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-24-00802-CV

—————————————

## TOM JOHNS, Appellant

## V.

## THE FOX HALL, LTD, HEDWIG,LLC AND LLOYDS OF LONDON, Appellees

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-08163**

---

## MEMORANDUM OPINION

Appellant Tom Johns, proceeding pro se, is attempting to appeal from a number of orders, including an October 15, 2024 order concluding that the trial court no longer has plenary power to rule. In addition to the October 15, 2024 order, appellant attempts to appeal from the following orders and other documents listed in

the notice of appeal: (1) May 5, 2022 order for interlocutory summary judgment, (2) November 15, 2023 notice of nonsuit, (3) April 10, 2024 order on motion to recuse the Honorable Jaclanel Moore-McFarland, and (4) April 11, 2024 order of recusal.

The clerk's record contains a notice of nonsuit with an attached unsigned draft order, but no signed order is in the clerk's record. *See D & R USA Enter., Inc. v. SCF RC Funding IV, LLC*, No. 01-22-00018-CV, 2023 WL 6299125, at *7 (Tex. App.—Houston [1st Dist.] Sept. 28, 2023, no pet.) (mem. op.) ("Although it is purely a ministerial act, an order dismissing nonsuited claims is necessary to dispose of such claims for purposes of rendering a final, appealable judgment."). None of the orders listed in the notice of appeal is a final, appealable judgment.

An appellate court generally has jurisdiction to review final judgments and interlocutory judgments when authorized by statute. *See Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 788 (Tex. 2019). To be final, a judgment must dispose of all parties and claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). In the absence of a statute permitting an interlocutory appeal, or a severance order or other order disposing of all parties and claims, we lack jurisdiction over an appeal. *See id.*

On February 11, 2025, this Court notified appellant that the appeal was subject to dismissal for lack of jurisdiction because there was no final, appealable judgment.

2

Appellant filed a motion for judicial notice that appears to be his response to our notice. Appellant asserts that we have jurisdiction based on "the Criminality of the Judges, and attorneys involved." Whether any misconduct is involved, this Court does not have jurisdiction unless appellant is appealing from a final judgment that disposes of all parties and claims or an interlocutory order made appealable by statute. Appellant has not established that we have jurisdiction.

Accordingly, we dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a)(1), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.